# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 26, 2025
Reissued for Public Availability: March 31, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| W.J., by his parents and legal guardians | * | |
| R.J. and A.J., | * | |
| | * | |
| Petitioner, | * | No. 21-1342V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONERS' MOTION TO REDACT**[1]

## I.   BACKGROUND

On May 7, 2021, R.J. and A.J. ("Petitioners") filed a petition, on behalf of their minor child, W.J.  Respondent filed a Motion to Dismiss in conjunction with his Rule 4(c) Report on August 2, 2021, stating, "[t]he petition in this case was [] filed beyond the relevant statutory limitations period, and [P]etitioners have not provided a basis for the extraordinary remedy of equitable tolling," and therefore the petition should be dismissed.  Respondent's Rule 4(c) Report ("Resp. Rept."), filed Aug. 2, 2021, at 12 (ECF No. 15); Resp. Motion to Dismiss ("Resp. Mot."), filed Aug. 2, 2021 (ECF No. 16).  The undersigned issued a dismissal decision on February 16, 2022.  Decision dated Feb. 16, 2022 (ECF No. 29).  Petitioners thereafter filed a motion to redact the case caption to the Petitioners' initials, which was granted on March 4, 2022.  Order Granting Petitioners' Motion for Redaction dated Mar. 4, 2022 (ECF No. 35).

Petitioner filed a motion for review of the dismissal decision on March 14, 2022, which was denied on June 21, 2022.  Opinion and Order dated June 21, 2022 (ECF No. 40).  Petitioners appealed to the U.S. Court of Appeals for the Federal Circuit and the Federal Circuit affirmed the lower court's dismissal of Petitioners' case.  93 F.4th 1228 (Fed. Cir. 2024).  A mandate from the Court of Appeals from the Federal Circuit issued on May 15, 2024, and the case was closed.

---

[1] Pursuant to Vaccine Rule 18(b), this Order was initially filed on February 26, 2025, and the parties were afforded 14 days to propose redactions.  The parties did not propose any redactions.  Accordingly, this Order is reissued in its original form for posting on the court's website.

1

On August 21, 2024, Petitioners filed a motion to redact. Petitioners' Motion to Redact, filed Aug. 21, 2024 (ECF No. 48). Petitioners acknowledged the caption has been redacted, however, they argued that certain docket entries in the electronic docket (CM/ECF) still contained their full names, "thereby defeating the purpose of the redacted caption." Id. at 1. Petitioners "request[ed] that the docket be redacted in keeping with the caption." Id.

Specifically, Petitioners requested two changes. Petitioners' Motion to Redact at 1. First, Petitioners requested the contact information (address, phone number, and email address) on the docket be updated. Id. The new contact information was provided. See id.

Second, Petitioners requested that "[their] full names be replaced with [their] initials, R.J. and A.J., consistent with the caption" in docket entries 1, 4, 10, 11, 20-26, 31, and 33. Petitioners' Motion to Redact at 1.

On September 13, 2024, Respondent filed a response. Respondent's Response to Petitioners' Motion for Redaction ("Resp. Response"), filed Sept. 13, 2024 (ECF No. 50). Respondent noted Petitioners' request to amend the caption to include only initials was granted in March 2022. Id. at 1. "Respondent defer[red] to the Court's judgment as to whether [P]etitioners' Motion should be granted." Id. at 2.

Petitioners did not file a reply. This matter is ripe for adjudication.

## II.   LEGAL STANDARDS

The disclosure of information submitted during a vaccine proceeding is governed by § 12(d)(4) of the Vaccine Act,[2] which is incorporated into Vaccine Rule 18. Under § 12(d)(4)(A), information submitted in a vaccine proceeding may not be disclosed without the written consent of the party who submitted the information; however, § 12(d)(4)(B) requires the disclosure of vaccine decisions while allowing the parties to seek redaction of "trade secret or commercial or financial information which is privileged and confidential," or "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."

The Vaccine Act further states that "[w]ithin 30 days after the Secretary receives service of any petition filed under section 300aa–11 of this title the Secretary shall publish notice of such petition in the Federal Register." § 12(b)(2). The published Federal Register notice includes the petitioner's name, the city and state of the petitioner's address, and the assigned case number for each petition filed in the Program. See, e.g., National Vaccine Injury Compensation Program; List of Petitions Received, 89 Fed. Reg. 104191 (Dec. 20, 2024).

The Vaccine Rules reflect these statutory requirements of § 12(d)(4). Vaccine Rule 18 explains that all filings, except for court-produced decisions, are not available to the public and

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

"available only to the special master, the judge, and the parties." Vaccine Rule 18(a). "A decision of the special master or judge will be held for 14 days to afford each party an opportunity to object to the public disclosure of [certain] information furnished by that party." Vaccine Rule 18(b). This includes information "(1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b)(1)-(2).

The Vaccine Rules instruct that a motion to redact is denied "if the motion: (A) is untimely filed; or (B) is not supported by the evidence, does not meet the criteria set forth in subdivision (b) of this rule, and/or contains a general objection to the disclosure of a party's name or the amount of an award." Vaccine Rule 18(c)(2).

Based on the language of the Vaccine Act itself, "a petitioner requesting redaction of a decision must make an affirmative, factual showing that redaction is proper" to prevail. Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); see also R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction."); see § 12(d)(4)(B).

When evaluating the merits of redaction requests, special masters generally follow one of two approaches, articulated in W.C. and Langland. See W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440 (2011); Langland v. Sec'y of Health & Hum. Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), aff'd in relevant part, 109 Fed. Cl. 421, 424 n.1 (2013). Applying Langland, special masters have held that a petitioner seeking redaction of a ruling or decision must establish a "compelling reason tailored to meet the individual interest it serves"—in other words, more than a general preference for privacy. Andrews v. Sec'y of Health & Hum. Servs., No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (citing Langland, 2011 WL 802695, at *7-8). Langland further asserts that "[n]o statute, rule, or decision supports Petitioners' request for total anonymity." 2011 WL 802695, at *1.

W.C., in contrast, asserts that a petitioner's privacy interests should be balanced against "the public purpose of the Vaccine Act" in the same manner as such interests are balanced under the Freedom of Information Act ("FOIA") (given the similarities of its privacy provisions). 100 Fed. Cl. at 460-61. From this perspective, "unwarranted" or "significant" invasions of privacy occasioned by disclosure of sensitive information weigh in favor of redaction. Id. W.C.'s redaction standard is thus somewhat more lenient, as it asserts that the "right to access public records in civil cases" need not be as carefully guarded in Vaccine Program cases, which are statutorily intended to be less adversarial in nature. Id. at 460. As W.C. reasons, because Vaccine Program decisions are intended to disseminate information about possibly adverse vaccine reactions, disclosure of a petitioner's name or information about her illness is not always necessary to effectuate that purpose. Id. W.C. acknowledges that redacting a petitioner's name may not necessarily keep that petitioner's identity secret. Id. at 461 n.23.

The relief typically granted by special masters following a timely and meritorious motion to redact is the redaction of a petitioner's name to initials within publicly available decisions and

3

within the case caption.  See, e.g., R.K. ex rel. A.K. v. Sec'y of Health & Hum. Servs., 125 Fed. Cl. 276, at 281 (2016) (finding redacting full names to initials is an appropriate approach); K.N. v. Sec'y of Health & Hum. Servs., 167 Fed. Cl. 142 (2023) (same).  Special masters have allowed redaction of the case caption in the Court's CM/ECF system as an alternative form of relief for petitioners who filed untimely motions to redact after a decision is publicly available.  See, e.g., J.A.C. v. Sec'y of Health & Hum. Servs., No. 03-2807V, 2020 WL 2987944 (Fed. Cl. Spec. Mstr. Apr. 30, 2020).  There is no precedent in the Vaccine Program case law allowing for redactions outside of publicly available decisions and the case caption.

### III.  DISCUSSION

First, regarding Petitioners request to change their contact information, including their address, phone number, and email address, the undersigned finds Petitioners' request reasonable.  As such, she will grant this request by Petitioners.

Second, the undersigned finds Petitioners request to redact individual docket entries is not a form of relief available under the Vaccine Act or Vaccine Rules.  Further, Petitioners' request is not timely.

Petitioners assert that the individual docket entries containing their full names "defeat[] the purpose of the redacted caption."  Petitioners' Motion to Redact at 1.  However, Petitioners provided no authority, case law, procedure, or rule to support their request.

A special master may redact decisions, rulings, and orders that will be become publicly available when the disclosure "would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b)(2).  A special master may also redact the case caption.  This change to the case caption is not retroactive.

The undersigned's February 16, 2022 Decision was redacted and Petitioners' case caption was redacted by replacing the Petitioner's names with their initials on March 4, 2022, following Petitioners' motion on March 2, 2022.  When the undersigned granted these redactions, she provided all the redaction relief available to Petitioners under the Vaccine Rules.  The docket entries Petitioners seek to now have redacted (1, 4, 10, 11, 20-26, 31, 33) relate to Petitioners filings prior to the March 4, 2022 Order granting redaction of the case caption.  Petitioners' motion for redaction of these individual docket entries does not meet the requirements set forth in Vaccine Rule 18 and the relief requested is outside of the scope of the Vaccine Rules and Act.

Applying Vaccine Rules, the current motion to redact must be denied because it "is not supported by the evidence, does not meet the criteria set forth in subdivision (b) of this rule, and/or contains a general objection to the disclosure of a party's name or the amount of an award."  Vaccine Rule 18(c)(2).  However, Petitioners provided no evidence in support of their request for this level of redaction.  Additionally, Petitioners redaction request does not fall into the categories in Vaccine Rule 18(b): (1) information "that is a trade secret or commercial or financial in substance and is privileged or confidential;" or (2) information "that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Lastly, Petitioners' redaction request "contains a general objection to the

disclosure of a party's name." Vaccine Rule 18(c)(2). A general objection without more is insufficient to support Petitioners' request.

The retroactive redaction of the individual docket entries is not the type of redaction contemplated under Vaccine Rule 18. Moreover, this type of redaction has not been granted in past cases.

While Petitioners may wish to fully conceal their identities from the public record, this type of disclosure "is an expected part of this program's petition process." Krupp v. Sec'y of Health & Hum. Servs., No. 19-1501V, 2023 WL 9503417, at *5 (Fed. Cl. Spec. Mstr. July 21, 2023). The Vaccine Act requires the publication of a notice of each petition and that notice includes name of the petitioner. See § 12(b)(2). As W.C. acknowledges redacting a petitioner's name may not necessarily keep that petitioner's identity secret. 100 Fed. Cl. at 461 n.23. Langford asserts that a petitioner's request for "total anonymity" is not supported by "statute, rule, or decision." 2011 WL 802695, at *1.

The undersigned has taken the available steps to protect the identity of W.J. from the public in redacting Petitioners' names from the case caption and her publicly available decisions. However, she is unable to fully "conceal [Petitioners'] identities from the public record" as requested by Petitioners by further redacting the individual docket entries. Petitioners' Motion to Redact at 1.

When Petitioners filed their case, their full names became available and accessible on the internet. Petitioners' full names and the assigned case number were published in the Federal Register notice[3] over which the undersigned has no control. Moreover, the undersigned is unable to retroactively redact information that has already been publicly available on the internet.

Although the docket sheet is available to the public via PACER,[4] the contents of the documents themselves (listed as individual entries on the docket index or report) do not appear on the internet or when conducting a search on the internet. To access the individual entries of the docket sheet containing Petitioners' full names, a member of the public would need to create a PACER account. However, a member of the public could also access Petitioners' full names via the Federal Register notice which appears when conducting a search on the internet.

Further, Petitioners have not provided a compelling reason for this heightened level of redaction.

Consistent with W.C. and Langland, the undersigned finds Petitioners request must be denied. Petitioners have not established a "compelling reason tailored to meet the individual interest it serves." Andrews, 2014 WL 3294656, at *5. Petitioners have a general preference for

---

[3] The undersigned does not provide the citation to the Federal Register notice as it contains Petitioners' full names.

[4] "The Public Access to Court Electronic Records (PACER) service provides electronic public access to federal court records." PACER, https://pacer.uscourts.gov/ (last visited Oct. 8, 2024).

privacy, but this alone does not meet the standard for the level of redaction they seek. Second, there is no "unwarranted" or "significant" invasion of privacy by Petitioners' names on docket entries, when the information in the documents are themselves sealed. W.C., 100 Fed. Cl. at 460-61. Finally, the undersigned has already taken the available steps under Vaccine Rules and precedent to limit disclosure of Petitioners' full names. See id. at 461 n.3 (noting individuals retain "an interest in limiting the disclosure or dissemination of [] information").

Weighing Petitioners' privacy interests with the purpose of the Vaccine Act, the undersigned finds redaction of Petitioners' names from specific docket entries is not reasonable or consistent with the purpose of the Vaccine Act, the Vaccine Rules, or the Rules of the Court of Federal Claims.

Finally, Petitioners' motion is not timely filed. Under Vaccine Rule 18, a motion to redact shall be filed "within 14 days after service of the decision." Here, the individual docket entries at issue are dated May 7, 2021 to March 2, 2022, over two years ago. Thus, Petitioners did not timely file the motion to redact docket entries. While Petitioners previously filed a timely motion for redaction, Petitioners current request to redact individual docket entries is beyond the scope of their initial request for redaction of the case caption.

### IV.   CONCLUSION

For the reasons set forth above, the undersigned **GRANTS** Petitioners' request to update their contact information and **DENIES** Petitioners' request to redact their names on specific docket entries. The Clerk of Court is **DIRECTED** to update the Petitioners' contact information.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master